IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                    CRIMINAL NO. 1:15CR65-LG-RHW

**MIKAL C. WATTS, ET AL.**

### ORDER DENYING MIKAL WATTS' MOTION TO PERMIT HIS HYBRID DEFENSE

BEFORE THE COURT is Defendant Mikal Watts' [104] Motion to Permit His Hybrid Defense. The Government has filed an Opposition to the Motion and Watts has filed a Reply. The Court, having reviewed the parties' submissions and relevant law, declines to exercise its discretion to permit Watts a hybrid defense.

### BACKGROUND

This multi defendant criminal action arises out of allegations of fraud in connection with the claims process related to the BP Deepwater Horizon Oil Spill. The Government alleges that Defendant Mikal Watts (hereinafter "Watts") aided by other Defendants engaged in a fraudulent scheme "to personally enrich or attempt to enrich themselves." (Indictment 16, ECF No. 4).

Specifically, the Government states that as part of a conspiracy, "the defendants, without contacting the individuals, would obtain names, addresses, dates of birth, and social security numbers of individuals from any source available to create 'clients' for anticipated litigation as a result of the" Oil Spill. (*Id.* at 15). It further states that "the defendants would submit names of individuals, in excess of

1

40,000, as plaintiffs represented by" Watts in relation to litigation stemming from the Oil Spill, and ultimately, the multi district federal case that resulted from the Oil Spill. (*Id.*). The Government also contends that as part of the conspiracy, Watts submitted false claims to the Gulf Coast Claims Facility.

Watts has retained Robert McDuff, an experienced and highly regarded federal criminal defense from the Jackson, Mississippi, area. However, Watts himself is a licensed attorney and seeks to "present his defense at trial with two lawyers . . . - both his chosen lawyer and himself." (Mot. 1, ECF No. 104).

## DISCUSSION

"[A] defendant does not have the right to a hybrid representation, in which he conducts a portion of the trial and counsel conducts the balance." *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986); *see also United States v. Long*, 597 F.3d 720, 723 (5th Cir. 2010) ("There is no constitutional right to hybrid representations whereby the defendant and his attorney act as co-counsel."); *Neal v. State of Tex.*, 870 F.2d 312, 315-16 (5th Cir. 1989). Whether to allow such representation is "left to the sound discretion of the district court." *See Norris*, 780 F.2d at 1211; *see also United States v. Nivica*, 887 F.2d 1110, 1121 (1st Cir. 1989) (while hybrid representation is not foreclosed, "it is to be employed sparingly and, as a rule, is available only in the district court's discretion").

The Fifth Circuit has recognized that "[t]he trial judge is in a position to evaluate whether the accused is competent to cross-examine a witness, whether the

trial will be unduly extended if this is permitted, and whether a conflict will likely develop between the accused and counsel in front of the jury." *Norris*, 780 F.2d at 1211. Although the Court accepts Watts' representations that he is a competent lawyer, and that he and Mr. McDuff are in agreement about the hybrid representation in an attempt to avoid any conflict during trial, the Court is of the opinion that other considerations merit denying Watts' Motion in the exercise of the Court's discretion.

"While the allowance of hybrid representation might be an appropriate exercise of discretion and perhaps even advisable in a situation where the defendant is a skilled attorney and his appointed counsel is not," that is not the case here. *See United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). "There are obvious justifications for the refusal to allow hybrid representation in criminal trials, regardless of the legal experience of the defendant." *Id.* One such justification – and the one that this Court in its experience finds the most compelling – is the potential for juror confusion. *See id.*; *see also, e.g.*, *United States v. McKenzie*, 779 F. Supp. 2d 1257, 1272 (D.N.M. 2011); *United States v. Persico*, 447 F. Supp. 2d 213, 220 (E.D.N.Y. 2006).

Watts argues that the potential for juror confusion would be greater if he was representing himself. This argument is unavailing because while Watts has the constitutional right to terminate his lawyer's services and self-represent. That is not what he is asking to do. Simply put, "'hybrid representation' runs the real risk of causing jury confusion, especially with regard to distinguishing when a defendant

3

is an advocate, and when a defendant is a witness."[1]  *See Persico*, 447 F. Supp. 2d at 220.  Indeed, the Court is of the opinion that an instruction to the jury that the argument of counsel is not evidence leads to more confusion, not less, when counsel is also a defendant.  Watts "may still elect to proceed *pro se* in full.  That choice is his–he either represents himself solely or not at all."  *See id.*

Watts cites case law that "a demand for self-representation must be honored as timely if made before the jury is selected, absent an affirmative showing that it was a tactic to secure delay."  *See Chapman v. United States*, 553 F.2d 886, 887 (5th Cir. 1977).  This is a correct citation of the law, but, again, Watts is not requesting solely self-representation; rather, he is requesting a hybrid representation to which, as discussed above, there is no absolute right.  *See Long*, 597 F.3d at 723; *Randolph v. Cain*, 412 F. App'x 654, 658 (5th Cir. 2010) ("[A]lthough defendant possesses the right to counsel as well as the right to self-representation, there is no constitutional right to have both through a 'hybrid representation' scheme."); *Fratta v. Quarterman*, No. H-05-3392, 2007 WL 2872698, at *8 n.10 (S.D. Tex. Sept. 28, 2007) ("There is no constitutional right to hybrid representation.  The right to appointed counsel and to appear *pro se* are 'mutually exclusive.'") (citations omitted).

---

[1] Watts states that "[a] defendant self-representing who wishes to testify, as [he] intends to do here, has no practical way otherwise to put himself on the stand as a witness, without the assistance of additional counsel to ask him the questions he wishes to answer." (Mot. 11, ECF No. 104).  This is incorrect.  The Court has tried many cases in which defendants electing to represent themselves have taken the stand to testify without the assistance of additional counsel.

Similarly, the Court is unpersuaded by Watts' argument that because the Government has two lawyers, he should have two lawyers. There is nothing preventing Watts from retaining another lawyer, although this seems unnecessary in light of Mr. McDuff's extensive criminal experience, as recognized by both Watts and the Government. But Watts does not have a constitutional right to two lawyers to include himself just because the Government has two lawyers. *See Long*, 597 F.3d at 723; *Randolph*, 412 F. App'x at 658; *Fratta*, 2007 WL 2872698, at *8 n.10. Accordingly, for all the reasons discussed herein, the Court declines to exercise its discretion to permit a hybrid representation in this action.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Mikal Watts' [104] Motion to Permit His Hybrid Defense is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE