IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    **CRIMINAL NO. 1:15CR65-LG-RHW**

**MIKAL C. WATTS, ET AL.**

**ORDER DENYING MOTIONS TO DISMISS THE INDICTMENT
UNDER THE SPEEDY TRIAL ACT**

BEFORE THE COURT are the [225, 230] Motions to Dismiss the Indictment Under the Speedy Trial Act filed by Defendants Mikal C. Watts and David Watts. Having reviewed the Motions and the applicable law, the Court is of the opinion that the Motions should be denied.

The Indictment in this action was filed on September 15, 2015. Trial is set to commence on July 18, 2016. Mikal Watts and David Watts both argue that "[b]ecause far more than seventy non-excludable days have expired since the appearance in court of the last defendant," the Court should dismiss this action. (*See* Motions to Dismiss 1, ECF Nos. 225 & 230). Specifically, they take issue with a continuance the Court granted in January 2016 at the request of two co-defendants that continued the trial date to July 18, 2016.

In general, a criminal trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c). Section 3161(h)

1

then "specifies the types of delays that are excludable from the" 70-day calculation. *See Bloate v. United States*, 559 U.S. 196, 203 (2010). "Some of these delays are excludable only if the district court makes certain findings enumerated in the statute." *Id.* One such excludable delay is as follows:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in speedy trial.

18 U.S.C. § 3161(h)(7).

Mikal and David Watts first argue that this section does not apply to delays caused by a continuance granted at the request of a co-defendant because the language of the statute identifies "the defendant" as opposed to "a defendant" or "any defendant." They claim that since they were not "the defendant" requesting the continuance, the excludable delays do not apply to them. However, Fifth Circuit law is clear that "the Act excludes from the calculation of the seventy-day limit any delay resulting from the proper grant of a continuance requested by a co-defendant." *See United States v. Bieganowski*, 313 F.3d 264, 281 (5th Cir. 2002); *see also United States v. Whitfield*, 590 F.3d 325, 358 (5th Cir. 2009).

Mikal and David Watts next argue that in any event the continuances were improperly granted. They contend that "[n]either the Court's January 20, 2016 text only order, nor the transcript of the January 19, 2016 hearing on the motion for continuance . . . support treating a six month continuance as 180 days excluded from the Act." (Motions to Dismiss 13, ECF Nos. 225 & 230). Again, such an argument is contradicted by Fifth Circuit precedent.

The Fifth Circuit has held that "section 3161 merely requires that a district court enter on the record, as some point (presumably prior to trial), the necessary findings to support an ends-of-justice continuance." *See Bieganowski*, 313 F.3d at 283. "The only requirements for such an order are that the order memorializing the continuance indicate when the motion was granted, and that the reasons stated be and can be fairly understood as being those that actually motivated the court at the time it granted the continuance." *Id*. "Those conditions are clearly met here." *Id*.; *see also, e.g.*, *Whitfield*, 590 F.3d at 357-58; *United States v. Madrid*, 610 F. App'x 359, 372 n.15 (5th Cir. 2015). Indeed, the Fifth Circuit has explicitly rejected the *Blackwell* case on which Mikal and David Watts rely. *See Bieganowski*, 313 F.3d at 283. And, a delay of less than twelve months between indictment and trial is not unreasonable, especially given the complexity of this nearly 100-count case involving seven defendants and the voluminous exhibits and witnesses involved. *See, e.g., id*. at 283-84 (nineteen month delay between arrest and trial, although substantial, not unreasonable).

Finally, Mikal and David Watts state that the Court should not have taken the availability of counsel into account in granting a continuance. In this respect, they claim that trial should have commenced, at the latest, on April 5, the date requested by one of the co-defendants in her Motion, even though all counsel were not available on that date. (*See* Motions to Dismiss 16, ECF Nos. 225 & 231). The Court is likewise not persuaded that a Speedy Trial violation has occurred under these circumstances.

The Fifth Circuit has upheld ends-of-justice delays based on a co-defendant's counsel's conflicting trial schedule.[1] *See United States v. Lopez*, 426 F. App'x 260, 263 (5th Cir. 2011). It has also held that "a district court may decide to continue trial *indefinitely* when it is impossible, or at least quite difficult, for the parties to gauge the length of an otherwise justified continuance." *See United States v. McNealy*, 625 F.3d 858, 863-64 (5th Cir. 2010) (affirming district court's decision to continue trial indefinitely due to counsel's unavailability as a result of having to attend National Guard training) (citation and quotations marks omitted) (emphasis added). Here, in lieu of granting an indefinite continuance, the Court continued the trial to a date certain in order to allow all counsel to be fully prepared for a complex and anticipated eight-week trial involving over 90 counts, hundreds of witnesses, and thousands (if not tens of thousands) of pages of exhibits. In short, there has been no Speedy Trial violation.

---

[1] Taken the argument to its logical extreme, Mikal and David Watts seek to sacrifice their co-defendant's right to counsel for their own right to a speedy trial.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [225, 230] Motions to Dismiss the Indictment Under the Speedy Trial Act filed by Defendants Mikal C. Watts and David Watts are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 28th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE