IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15CR65-LG-RHW

MIKAL C. WATTS, ET AL.

## ORDER GRANTING MIKAL WATTS' MOTION TO PERMIT HIM TO TESTIFY VIA NARRATIVE WITH A POWER POINT AND ADVISORY TO MR. WATTS REGARDING POWER POINT

BEFORE THE COURT is Defendant Mikal Watts' [222] Motion to Permit Him To Testify Via Narrative With A Power Point. Having reviewed the submissions of the party and having heard argument on the Motion at the Pretrial Conference held on July 5, 2016, the Court is of the opinion that the Motion should be granted.

Mikal Watts has elected to represent himself in this criminal action. He has also advised the Court that he intends to testify. When he testifies in support of his case-in-chief, he has requested that in lieu of having to repeatedly ask himself a question and then provide an answer, he be allowed "to testify in a narrative manner with a pre-scripted Power Point presentation . . . ." (Mot. 2, ECF No. 222). The Government has responded that "[t]he difficulty of having the defendant testify in narrative form is that it will be difficult to protect the record." (Gov't Opp. 1, ECF No. 264). The Government asserts that it may not be able to timely object and suggests "that the proper procedure is that the

1

defendant be required to first ask a question, and then answer the question, as is the normal practice of eliciting testimony from a witness." (*Id.* at 1-2).

Fed. R. Evid. 611 provides in part, "the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Taking the Government's suggestion could tend to be confusing to the jury and would further delay an already lengthy trial. Allowing the defendant to testify in a narrative form will prove more efficient and effective. In addition, Watts has represented that he will provide the government with a copy of the Power Point contents prior to his testimony in order to permit timely objections.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Mikal Watts' [222] Motion to Permit Him To Testify Via Narrative With A Power Point is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Mikal Watts is to provide his Power Point to counsel for the Government at least 24 hours in

---

[1]The Court cannot anticipate what material Watts intends to include in his Power Point presentation. Copies of exhibits that have been introduced into evidence may be used. Pedagogical materials may be permitted pursuant to Fed. R. Evid. 611 (with an appropriated cautionary instruction to the jury) if they assist the jury in understanding the testimony. However, materials that are confusing, argumentative, cumulative, unduly prejudicial or simply tend to bolster the witnesses testimony will not be permitted.

advance of his testimony.

**SO ORDERED AND ADJUDGED** this the 6th day of July, 2016.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE